THOMAS S. HITTINGER *vs.* CITY OF BOSTON.

Suffolk.    Nov. 13, 1884. — Feb. 27, 1885.    FIELD, DEVENS, & COLBURN, JJ., absent.

" Stock in trade " must be domiciled in the place where the owner has his " store " or " shop," in order to be taxable to him there, under the Pub. Sts. *c.* 11, § 20, *cl.* 1.

CONTRACT to recover the amount of a tax assessed upon personal estate of the plaintiff for the year 1883, and paid under protest. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows :

The plaintiff, on May 1, 1883, was an inhabitant of Belmont, where he voted and paid taxes upon his poll and all his personal property. His business was that of cutting, storing, and selling ice at wholesale, chiefly in large quantities for export, or for use in this or other States. He sold only such ice as he cut and stored himself. He neither cut, stored, nor sold ice at Belmont. He owned large ice-houses near railroads, on the shores of Fresh Pond, in Cambridge, and Forge Pond in Westford, in which he stored the ice cut from said ponds (both being great ponds), and in each of which he had, on said May 1, a quantity of ice stored. He had a steam-engine, boiler, machinery, and ice tools in his ice-houses in said city and town, which were only used for cutting the ice and storing it in said houses. He had a

place of business in Boston, where he employed a clerk, and at which his books were kept, and where his contracts for the sale of ice were usually made, his letters and bank notices received, and his business principally transacted; and his business cards and bill-heads bore that address. The plaintiff's place of business was up two flights of stairs, and was a back room about twenty feet square, one corner of it being partitioned off into a private office by a board partition. He had no other place where he carried on traffic in ice. He had no ice stored in Boston, and kept no samples there. Purchasers were not in the habit of going to look at the ice before buying it.

No business was usually transacted at Cambridge, except such as was essential to the cutting, storing, and delivery of the ice, pursuant to orders from the office in Boston. He had six or seven men constantly employed at the Cambridge ice-houses, and one at the Westford houses, and many more at each of said places during the ice-cutting season. There was a telephone between his place of business in Boston and the Cambridge houses, by which he sent orders for the delivery of ice, and other communications, and he was in the habit of using the railroad telegraph between Boston and Westford for similar purposes. The ice was mostly delivered upon railroad cars, but to some extent upon wagons sent by purchasers. All accounts kept at these places were sent daily, or frequently, to be entered upon the books in Boston, where all payments for ice were made.

If, upon the foregoing facts, the plaintiff was liable to taxation in Boston for the ice stored in Cambridge and Westford, judgment was to be entered for the defendant; otherwise, judgment for the plaintiff.

*R. D. Smith & M. M. Weston*, for the plaintiff.

*A. J. Bailey*, for the defendant.

HOLMES, J. The plaintiff's stock in trade was not kept in Boston, and therefore was not taxable there, even if he had a shop or store in that place. The Rev. Sts. *c.* 7, § 10, *cl.* 1, provided for taxing a stock in trade in the town where it was, if the owner had a store, shop, or wharf in that town. This required the stock to be in the town where it was taxed, and probably required it to be there on the first day of May. The

latter requirement was done away with by the St. of 1839, *c.* 139, § 1, but otherwise the statute was kept substantially unchanged. The section of the Revised Statutes and the St. of 1839 were consolidated in the Gen. Sts. *c.* 11, § 12, *cl.* 1, (Pub. Sts. *c.* 11, § 20, *cl.* 1,) and the language was slightly abridged, so that it no longer in terms required the stock to be in the place where it was taxed, if the owner had a store there. But there is no intimation of an intent to amend the acts thus brought together, and there is a strong presumption that it was not intended to introduce a most important change of principle *sub silentio.* Furthermore, the carefully limited words " whether such property is within said places or elsewhere on the first day of May of the year when the tax is made," are inconsistent with the intent to disregard entirely the place or destination of the stock throughout the year, if only the owner has a store or shop in a certain town. The stock must be domiciled in the place where the shop is, to fall within the section relied on by the defendant. See *Boston Loan Co.* v. *Boston,* 137 Mass. 332; *Hittinger* v. *Westford,* 135 Mass. 258; *Huckins* v. *Boston,* 4 Cush. 543.          *Judgment for the plaintiff affirmed.*