NEHEMIAH P. CLARKE *vs.* COUNTY OF STEARNS.

December 22, 1891.

**Taxes—Personal Property, where Assessable—Jurisdiction.**—The action of taxing officers, in assessing certain personal property to the owner for the purposes of taxation at the place of his residence, is not void for want of jurisdiction, although such property is by law properly assessable in another county, by reason of its relation to certain business carried on by the owner in the latter county.

Appeal by defendant from an order of the district court for Stearns county, *Baxter*, J., presiding, refusing a new trial after judgment of $1,514.59 ordered for plaintiff.

*Oscar Taylor*, for appellant.

*Geo. W. Stewart*, for respondent.

DICKINSON, J. This action is for the recovery of taxes assessed in the county of Stearns upon some 14,000,000 feet of saw-logs owned by the plaintiff, and which taxes he paid under protest and by compulsion, as is claimed. Upon the facts found by the court, a recovery was allowed. The defendant has appealed from an order refusing a new trial.

The plaintiff resided in the city of St. Cloud, in the county of Stearns. It is found that he was a manufacturer of and a dealer in lumber, both at that place and at Minneapolis, in the county of Hennepin. At the time of the assessment, in 1887, he was the owner of some 20,000,000 feet of saw-logs, which were being driven, or were to be driven, down the Mississippi river to St. Cloud and Minneapolis, to be there manufactured into lumber. Of this quantity, about 6,000,000 feet were driven to St. Cloud, and about 14,000,000 feet were driven to Minneapolis, during the spring and summer of 1887, in accordance with the plaintiff's intention, and there manufactured into lumber. For the latter quantity, the 14,000,000 feet, taxes were assessed at Minneapolis, and the same were there paid by the plaintiff. This latter property was not included by the plaintiff in the listing of his property for assessment in the city of St. Cloud, but

it was added to the list of property taxable to the plaintiff by the board of equalization of that city. It is expressly admitted on the part of the plaintiff that the assessing officers acted in a *quasi* judicial capacity, and that, if their conduct was within the jurisdiction conferred upon them by law, it cannot be impeached in this action. But it is contended that by law this property was taxable at Minneapolis, and not at St. Cloud; that the taxing officers at the latter place were without jurisdiction in the premises; and hence that the assessment was absolutely void.

The general rule is that personal property is to be assessed for taxation at the place of residence of the owner. Gen. St. 1878, c. 11, § 8. But it is particularly provided in the same section that the personal property pertaining to the business of a merchant or manufacturer shall be listed in the town or district where his business is carried on. It will be assumed, in accordance with the findings of the court, that this property was, under the statute, properly assessable in Minneapolis. But it does not follow that in making the assessment at St. Cloud the board of equalization acted wholly without jurisdiction, so that their assessment was void and of no legal effect. That it was erroneous, and might have been corrected by resort to the means provided in the tax law, must be conceded. We do not doubt that, if the statutory remedy should prove to be unavailing, there would be some judicial relief, but we are not called upon to consider how that might be sought.

Under our laws, taxes, as respects the personal property of a resident owner, are not imposed on the property, but against the owner. While it is common, even in such cases, to speak of the property as though taxes were imposed upon or against it, that is a mere convenience in speech, and does not indicate the real nature of the proceeding, which is *in personam*, not *in rem*. The resident owner of personal property is charged with taxes on account of, and measured by, the property which he owns. The tax is enforced by distraining any of his goods, without regard to the particular property assessed, or by personal judgment and execution. The authority and duty of the taxing officers of a district in which the owner of property may reside is not restricted to such property as is situate within that dis-

trict. Speaking generally, it extends to the assessment and taxation of the personal property of the resident owner, wherever the property may be. The residence of a property owner within their district gives to them authority and imposes the duty to take the steps which are prescribed for the purpose of charging him with taxes for the property which he holds subject to taxation. *He* is taxable there for his property, though *it* may be elsewhere. Nor are the duties of such officers restricted to such property as may be listed and returned by the owner. They are called upon to act with a view to the discovery and assessment of property which may not have been so returned. Without referring to the duties of assessors in this particular, (for the property to which this action relates was not placed on the list by that officer,) it is to be observed that the board of equalization is required to examine the assessor's list returned to them, and ascertain and see that all taxable property in their town or district (or all property taxable in their town or district, as we think the meaning is) has been properly placed on the list and duly valued by the assessor; and, in case any property shall have been omitted by inadvertence or otherwise, it is made their duty to place it on the list with the true value thereof; but the assessment of the property of any person shall not be raised until such person shall have been duly notified of the intent of the board so to do.

In view of these general considerations, we are of the opinion that the action of the board of equalization must be regarded as only erroneous, and not void for want of jurisdiction, and that the plaintiff should have sought relief in the manner pointed out by statute. The officers at St. Cloud, where the plaintiff resided, had authority, and it was their duty, to carry forward the tax proceedings against him; to ascertain and determine for what personal property he was there taxable, even though the property might be elsewhere. It was within the scope of their authority and duty to inquire, consider, and determine whether these logs were taxable to the plaintiff, as his property in general was, at St. Cloud. It is true that whether they were properly subject to taxation there or at Minneapolis would depend upon the facts whether he was carrying on the business of a manufacturer or merchant at the latter place, and whether, if so, these logs

should be regarded as "pertaining" to that business.   But such matters of fact they were required to determine as properly incident to the tax proceedings against the plaintiff.   Of course, they might err in their determination of such facts, as they might in assessing to the plaintiff property which he did not own; but their action would not be without jurisdiction and void.   Their *jurisdiction* to assess the plaintiff at his place of residence, it must be insisted, did not depend upon the property being within their county, nor upon the fact that it was properly taxable against him at that place.   It was in the *exercise* of their jurisdiction, in the discharge of the duty which rested upon them by reason of the plaintiff's residence within their district, and his liability to taxation there, that they were by law empowered to inquire and determine whether the property in question was taxable to him at that place.   If they err, the statute provides a remedy; but the error does not of itself avoid their proceedings.   It would obviously be sometimes impossible for taxing officers to ascertain with certainty whether particular property is properly taxable at the place of residence of the owner or elsewhere.   This case illustrates the difficulties that may arise.   Conceding that the plaintiff is to be deemed to have been carrying on a manufacturing business at Minneapolis, and another at St. Cloud, the question is presented whether these logs can be said to have been so appropriated to the business at Minneapolis that they are to be regarded as "appertaining" to that business.   The logs, with others, were being driven, or were to be driven, down the river to St. Cloud and Minneapolis; the owner *intending* to have a part of them stopped at the former place, and that the remainder should go on to the latter place.   There was no other appropriation of the property to the different places of business than this intention of the owner.   It might often occur, as it did in this case, that the same property will be assessed for taxation in two different counties.   But the statute provides a remedy, making the auditor of state the arbiter in such cases. Sections 14, 119.

It would be a singular and unfortunate condition of things if, in such cases, it should be considered that the taxing officers at the place of residence of the property owner were without jurisdiction, if

the fact as to the proper. place for assessing the property were contrary to what they decide it to be.    Unquestionably their official duties require them to consider, decide, and act in such cases; and yet if they honestly' err in their judgment, and. assess property at the place of the owner's residence which properly is assessable elsewhere, and if in so doing they act without jurisdiction, how can they be protected from a personal liability to the owner to the extent of the tax collected from him?    Fortunately, we think the law is not such as to thus embarrass these officers in the discharge of their duties.

We have no reason for expressing any opinion as to what might be the result if property properly taxable at the place of the owner's residence should be erroneously assessed at another place.    A distinction might be suggested, from the fact that the owner is presumed to have notice of tax proceedings at the place of his residence where he is chargeable for taxes upon his property generally, and so has opportunity to learn of any injustice or error, and to seasonably avail himself of the statutory means of redress.    The same might not be true if his property were erroneously assessed at another place, where he had no reason to suppose such proceedings would be had.

We refer to the following authorities in support of the conclusions which we have expressed: *Little* v. *Greenleaf*, 7 Mass. 236; *Osborn* v. *Danvers*, 6 Pick. 98; *Howe* v. *City of Boston*, 7 Cush. 273; *Lincoln* v. *City of Worcester*, 8 Cush. 55; *Salmond* v. *Inhabitants*, 13 Allen, 119.

Order reversed.

GILFILLAN, C. J.    I concur in the result, but not in the reasoning by which it is reached.    When one is unlawfully assessed for personal property, as where, as in this case, he is assessed for the same property in two different counties, only one of which assessments can be right, he must be entitled to a judicial remedy,.in which the facts can be ascertained and the law applied to them, and the action of the assessing officer cannot be conclusive upon him.    What. in a proper case, the form of judicial remedy must be, I do not think necessary to consider in this case; for, as I think, as a condition of

any judicial remedy, he must first resort to the means of righting himself before the assessing officers which the statute gives him. When one claims to have been assessed by the local officers in the wrong county, he may apply to the state auditor, who is authorized to determine in what county the assessment ought to be made. Gen. St. 1878, c. 11, § 14. Had the plaintiff presented his case to the auditor, shown that he was assessed for the same property in two counties, that officer must have determined which was the wrong county and ordered the tax abated in that county, and that would have been a complete remedy to the plaintiff. As he did not resort to that means of righting himself, he must be deemed to have acquiesced in the action of the local officers, and therefore cannot question it by an action.