ARNY GRUNDYSEN *vs.* POLK COUNTY.

Argued April 23, 1894.   Affirmed May 8, 1894.

No. 8,95.

**Cancellation of uncollectible personal taxes.**

The board of county commissioners has no authority to cancel personal taxes until there is delivered to it, by the clerk of the District Court, the sheriff's list of uncollected taxes, and affidavit, as required by 1878, G. S. ch. 11, § 59, as amended by Laws 1885, ch. 2, § 6.

**Sheriff's fees for constructive mileage.**

When the sheriff receives the warrants for delinquent personal taxes, he cannot charge the county for constructive mileage on those uncollected, but can charge only for the distance actually and necessarily traveled on all of those uncollected, for which travel he has not received pay on those collected.

Appeal by plaintiff, Arny Grundysen, from an order of the District Court of Polk County, *Frank Ives*, J., made March 22, 1894, denying his motion for a new trial.

On April 1, 1893, the treasurer of Polk County made a list of delinquent personal property taxes for the year, 1892, and delivered it to the clerk of the District Court of that county pursuant to 1878 G. S. ch. 11, § 58, as amended by Laws 1885, ch. 2, § 5.   The clerk thereupon issued his warrants to plaintiff who was then sheriff of that county directing him to proceed to collect the same.   On June 1, 1893, the sheriff made and filed with the clerk a list of the taxes he was unable to collect, with his affidavit that he had made diligent search and inquiry for goods and chattels wherewith to make such taxes and was unable to collect the same.   There were one hundred and fifty nine of these unpaid warrants.   On June 5, 1893, the sheriff presented to the board of county commissioners his bill for travel and for service of these unpaid warrants, as follows: for travel 7,030 miles at seven and a half cents per mile, $527.25; for service of 159 warrants at seventy five cents each, $119.25.   Total, $646.50.   The board on July 10, 1893, allowed $184.45 thereof and disallowed the residue.   The sheriff appealed to the District Court,

pursuant to 1878 G. S. ch. 8, §§ 89, 90, where pleadings were made, a jury waived and the issues tried August 22, 1893.

The County Attorney in behalf of Polk County claimed by the answer that the board of county commissioners had on March 29, 1893, abated and cancelled the personal property taxes against thirty six of the persons named in these tax warrants and that the warrants against them were illegally issued, and that the sheriff knew these facts and took those thirty six warrants solely to make fees. He also claimed that the mileage charged on the remaining one hundred and twenty three warrants was mainly constructive, never in fact travelled. At the trial the sheriff was a witness and testified that the travel he charged was computed on each of the 159 warrants separately from the county seat to the residence of the tax debtor and return, making 7,030 miles. That the actual distance travelled on the 123 warrants starting from the county seat and going to the nearest and then to the next and so on until all were served was 1,800 miles and on the 36 others 250 miles. The trial court made findings and allowed for the number of miles actually travelled on all the warrants $153.75, and for serving the 159 warrants $119.25, making a total of $273. This was seventy five per cent of the usual sheriff's fees. Sp. Laws 1891, ch. 424, § 12. No costs were allowed to either party. The sheriff, Arny Grundysen, moved for a new trial. He was refused and he now appeals to this court.

*William Watts* and *H. & R. L. Johns,* for appellant.

The board of county commissioners has no authority to cancel personal property taxes, before warrants for their collection have been issued and returned uncollectible. The clerk properly issued the warrants and it was the duty of the sheriff to serve them.

The sheriff is entitled to mileage on each tax warrant placed in his hands for collection, from the county seat, or if served by his deputy, from the place of the residence of such deputy to the place of making distress. By Sp. Laws 1891, ch. 424, § 12, the sheriff of Polk County is only allowed seventy five per cent of the usual sheriff's fees. *Schmid* v. *County of Brown,* 44 Minn. 67; *Knicker-backer* v. *Shipherd,* 3 Cow. 383; *Gulf, C. &c. Ry. Co.* v. *Dawson,* 69. Tex. 519; *McGee* v. *Dillon,* 103 Pa. St. 433.

*A. R. Holston*, County Attorney, for respondent.

The board, right or wrong, cancelled the tax on the records of the county and the clerk could not thereafter legally issue, nor could the sheriff receive, the warrants against the persons whose taxes had been so cancelled. Both clerk and sheriff knew of such cancellation and that the taxes so cancelled were for the most part uncollectible, yet they proceed to go through the form of collecting the same for the sole purpose of making a bill for fees against the county.

The trial court held that when the sheriff visited a delinquent in any particular locality he should take with him the warrants and serve on all the delinquents in that particular vicinity and in that direction who might be conveniently reached by the sheriff on one journey from the county seat.

In an unsuccessful attempt to execute a tax warrant no mileage can be recovered. *Titman* v. *City of New York*, 60 Hun, 123; *Logan Co.* v. *Doan*, 34 Neb. 104; *Redfield* v. *Shelby Co.*, 64 Ia. 11; *Burlington & M. R. Co.* v. *Beebe*, 14 Neb. 463; *Barnes* v. *Marion Co.*, 54 Ia. 482.

The case of *Schmid* v. *County of Brown*, 44 Minn. 67, is not in point. The question was not there raised as to the sheriff's right to charge mileage on each separate warrant. His bill in that particular was not disputed.

GILFILLAN, C. J. The first question is: When may the board of county commissioners cancel personal taxes? They have no authority to do it at all, except as it is conferred by statute. The clerk of the District Court issues to the sheriff the warrants for collecting delinquent personal taxes, and, if the latter cannot find property out of which to collect them, he is required to file with the clerk a list of them, with an affidavit of himself or deputy that he has made diligent search and inquiry for goods and chattels wherewith to make such taxes, and was unable to make or collect the same. "The clerk shall deliver such list and affidavit to the board of county commissioners at their first session thereafter, and they shall cancel such taxes as they are satisfied cannot be collected." 1878, G. S. ch. 11, §§ 58, 59, as amended by Laws 1885, ch. 2, §§ 5, 6.

And this is the only authority in the statute to cancel. It is clear enough the legislature did not intend to vest in the board the somewhat dangerous power to cancel a personal tax until a *bona fide* effort to collect it in the usual way has proved ineffectual.

The next question is: May the sheriff charge the county fees for constructive travel in endeavoring unsuccessfully to collect taxes on the warrants issued to him? That is, if he have warrants against ten different persons living in the same place, and actually travels only ten miles to execute them, may he charge the county for one hundred miles' travel?

However it may be when a sheriff or constable has different writs, for different persons, in independent proceedings, and serves all of them at the same place, in respect to his right to charge upon each for mileage to and from that place, though he makes but one trip for all, we think the sheriff who receives the tax warrants at the same time (as all 'ought to be issued at the same time) on behalf of the same person, to wit, the county, in the same general proceeding, to wit, the enforcement of personal taxes, can charge the county mileage only for the distance actually and necessarily traveled by him upon all of those uncollected, for which travel he has not received pay on those collected.

The question of pay for constructive travel was not presented in *Schmid* v. *County of Brown*, 44 Minn. 67, (46 N. W. 145.)

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 58 N. W. 864.)