NEHEMIAH P. CLARKE v. BOARD OF COUNTY COMMISSIONERS OF STEARNS COUNTY.[1]

November 25, 1896.

Nos. 10,174—(102).

**Taxes on Personal Property—Double Assessment—Remedies.**

*Held,* a taxpayer who has been assessed in each of two different counties for the same personal property cannot obtain relief under G. S. 1894, § 1522, by making an ex parte application to the state auditor to determine in which county he should be assessed, but he should apply to such auditor promptly on notice to the proper authorities of each county, or ask the auditor to fix a time and place of hearing, and give notice thereof.

**Same—G. S. 1894, § 1652.**

*Held,* such taxpayer cannot be relieved from such double assessment by the state auditor, under G. S. 1894, § 1652, on the recommendation of the board of county commissioners alone, but the county auditor must also recommend such relief.

**Same—Wrongful Assessment—Payment—Recovery.**

Clarke v. Stearns Co., 47 Minn. 552, adhered to. Where, in such a case, the taxpayer paid the tax so wrongfully assessed against him in the county of his residence, where he was not properly taxable on the property, he cannot recover back the amount so paid unless he has exhausted his statutory remedies for setting aside such wrongful assessment.

Appeal by defendant from an order of the district court for Stearns county, Baxter, J., denying a motion for a new trial, after findings and order for judgment in favor of plaintiff for $1,289.44.     Reversed.

[1] Reported in 69 N. W. 25.

*J. D. Sullivan*, for appellant.

*G. W. Stewart*, for respondent.

CANTY, J.   In the winter of 1886–87 the plaintiff, N. P. Clarke, cut some 20,000,000 feet of logs on the upper Mississippi and its tributaries, 14,000,000 feet of which were properly taxable in Hennepin county, Minnesota (see State v. Clarke, 64 Minn. 556, 67 N. W. 1144), and he was assessed in that county for the same.   The balance, 6,-000,000 feet, were properly taxable at St. Cloud, in Stearns county, Minnesota, and he was there assessed for the same by the assessor of that city.   But, when the city council of that city met as a board of equalization in the year 1887, they raised his said assessment by assessing him for the whole 20,000,000 feet.   His property was subsequently seized by the sheriff under a tax warrant for the collection of the taxes levied on this increased assessment.   He paid the amount of the tax under protest, and brought an action to recover back the excess over and above what he should have paid on the original assessment made by the St. Cloud assessor.   It was held by this court that he could not recover, for the reason that the city board of equalization of St. Cloud, where he resided, had jurisdiction to determine the correctness of the assessment of his property at that place, and to raise the amount of that assessment, if found too low; that the act of the board in raising his assessment was not void for the want of jurisdiction, but simply erroneous; and that such raised assessment must stand until corrected or set aside by the state auditor in the manner provided in G. S. 1878, c. 11, § 14 (G. S. 1894, § 1522).   See Clarke v. County of Stearns, 47 Minn. 552, 50 N. W. 615.

In the meantime, in December, 1887, Clarke made an application to the state auditor by petition, in which it was stated that he had been assessed both in Hennepin county and Stearns county for the 14,000,-000 feet of logs in question, and he asked that the state auditor determine the quantity of logs for which he should be assessed in each county.   No notice of his application was given by Clarke to the authorities of either county.   He did not ask the state auditor to give any such notice, and the latter gave none.   The state auditor made a written answer to plaintiff, as follows:

"That the logs and their products which pertained to the business of the plaintiff as manufacturer and merchant of lumber at Minne-

66 M.—20

apolis should be assessed at Hennepin county, and the logs and their products which pertained to the plaintiff's business as a manufacturer and merchant of lumber at St. Cloud should be assessed to him at Stearns county."

It does not appear that any record of this so-called determination was ever filed in the office of the state auditor, or in the office of the county auditor of either county.

Thereafter, in March, 1888, Clarke made an application to the board of county commissioners of Stearns county for an abatement of his tax to the extent of that levied on the 14,000,000 feet of logs in question; and thereupon he and the board mutually referred the matter to the state auditor, with a written statement of the facts, for his determination as to which county was the proper one in which Clarke should be assessed for said 14,000,000 feet of logs, and with a recommendation from said board that, if Clarke was properly assessed for these logs in Hennepin county, the tax against him for the same in Stearns county be abated. But it does not appear that any application was also made in the matter to the county auditor of Stearns county, or that he ever made any recommendation to the state auditor as to the same. Thereupon the state auditor made a decision referring to his former determination aforesaid, and reiterating the same. This decision was filed in the office of the county auditor of Stearns county in August, 1888.

Plaintiff has since brought this action to recover from Stearns county the amount of tax which he has so paid in excess of what he would have had to pay if his assessment had not been raised as aforesaid. The case was tried before the court without a jury. The court found all of the foregoing facts as to the wrongful increase of the assessment, the payment of the tax under protest, the applications to the state auditor and board of county commissioners, and their acts and decisions as aforesaid, and thereupon ordered judgment for plaintiff. From an order denying a new trial, the defendant appeals.

1. We are of the opinion that the ex parte application of Clarke to the state auditor to determine in which county he should be assessed for this 14,000,000 feet availed him nothing. G. S. 1894, § 1522, provides:

"In all questions that may arise under this act as to the proper place to list personal property, or where the same cannot be listed as stated in this act, if between several places in the same county, the place for

listing and assessing shall be determined and fixed by the county board; and when between different counties or places in different counties, by the auditor of state; and when fixed in either case, shall be as binding as if fixed by this act."

Conceding that he could have availed himself of this section if he had done so promptly after learning that he was assessed in each county for the same property, he should have given the proper authorities in each county notice of his application, or asked the state auditor to appoint a time and place of hearing and give the proper notice. While the statute is very blind as to the mode of procedure, it does not provide for the mere abatement of the assessment in one county without any reference to the assessment in the other county, but it implies that the state auditor shall confirm the assessment in the one county while he sets aside the assessment in the other county. Neither can we hold that the legislature ever intended that the state auditor might proceed to determine such a matter without any notice to the local authorities interested, and without any knowledge on their part as to what was going on. To so hold would be to open the door to surprises and abuses which it seems to us the legislature never intended to permit. Again, the decision of the state auditor should be in the concrete,—a decision as to where the specified property should be assessed, and where it should not be assessed; not merely what the decision was in this case,—a mere expounding of the law, in connection with which no particular property was designated or described. It seems to us that Clarke did not exhaust his remedy under this statute, for two reasons: (1) He did not give any such notice to the authorities in Hennepin county and Stearns county, or ask that it be given; and (2) he did not ask the state auditor to make and file of record a more concrete or definite decision in the matter, but seems to have been content with what was done.

2. The board of county commissioners of Stearns county had no authority to reduce Clarke's assessment, except when sitting as a board of equalization. "After final adjournment [as such board], the county commissioners shall not have power to change the assessed valuation of the property of any person." G. S. 1894, § 1552, subsec. 5. Neither had the county commissioners power to abate the tax, as the case did not come within section 1569. See Grundysen v. Polk Co., 57 Minn. 212, 58 N. W. 864. However, section 1652 provides:

"He [the state auditor] shall hear and determine all matters of grievance relating to taxation on account of excessive valuation of property, or for other cause, when submitted to him with a statement of facts in the case, and favorable recommendation of the commissioners and auditor of the county in which the property is situated. He shall keep a record of all cases so referred, and of all decisions rendered, and, upon deciding any case, he shall forward a certified copy of such decision to the county auditor, who shall file the same and correct his books accordingly."

But Clarke did not bring himself within these provisions. It is true that he procured the board of county commissioners to recommend to the state auditor that his tax be abated to the amount that he was assessed on said 14,000,000 feet, if he was properly assessed for the same in Hennepin county. But it does not appear that the county auditor of Stearns county ever made any such recommendation, or that he ever was asked by Clarke to do so. The provisions of section 1652 were enacted for the protection of the public, as well as for the benefit of the party wrongfully taxed; and we are of the opinion that the matter was not properly before the state auditor for him to pass upon the same, without a recommendation from the county auditor that the tax be so abated. Therefore we must hold that Clarke did not exhaust his remedy under this section. Then we cannot hold that Clarke is in any better position to recover, on the facts presented in this case, than he was on the facts presented in the former case, disposed of by the opinion in Clarke v. County of Stearns, supra.

The order denying a new trial is reversed, and a new trial granted.