STATE ex rel. TOWN OF TWIN LAKES and Another v. JOHN S. HYNES and Others.[1]

December 17, 1900.

Nos. 12,400—(118).

### Taxes—Place of Assessment of Personalty.

Sauntry & Cain, a co-partnership engaged in a mercantile and lumber manufacturing business, having their principal place of business in the village of Barnum, Carlton county, also owned and kept for sale a stock

[1] Reported in 84 N. W. 636.

of goods, and carried on the business of·manufacturing lumber in the town of Twin Lakes, in the same county, and had stored therein a large quantity of manufactured lumber. *Held*, that all such property so located and pertaining to the business carried on in said Twin Lakes was properly listed and assessed for taxation therein. Following State v. Clarke, 64 Minn. 556.

### Assessment of Property in Two Places—G. S. 1894, § 1522.

Such property was in fact listed for taxation in said town for the year 1899, and also listed and assessed in the village of Barnum, where the firm maintained its principal place of business. *Held* that, under G. S. 1894, § 1522, the county board of equalization was the proper tribunal to determine the question which assessment was legal and proper under the law. The words "county board" in said section of the statute refer to the county board of equalization, and not to the board of county commissioners.

### Decision of Board of Equalization.

Said board of equalization heard such matter, and determined and adjudicated that the property was subject to taxation in the village of Barnum, and ordered the assessment in the town of Twin Lakes cancelled and set aside. *Held*, that such determination and adjudication, though erroneous, was nevertheless final and binding on all interested parties, and not open to collateral attack.

### County Board of Equalization—Notice.

Matters pertaining to the duties of, and proper to come before, the county board of equalization may be brought on for hearing before such board without notice to interested parties. Such parties are bound to take notice of the time and place of meeting of such board as fixed by law, and that all matters relating to the equalization and adjustment of taxes will be heard by them at such meeting.

Alternative writ of mandamus issued out of the district court for Carlton county to compel defendant Hynes, as county auditor, and William Gallagher, as county treasurer, of said county, to enforce collection of certain taxes. The case was heard before Ensign, J., who found that relators were entitled to the issuance of a peremptory writ. From an order denying motions to amend the findings and for a new trial, defendants appealed. Reversed.

*H. H. Hawkins*, County Attorney, and *H. S. Lord*, for appellants.

*H. Oldenburg*, for respondents.

BROWN, J.

Mandamus to compel the auditor and treasurer of Carlton coun-
ty to enforce the collection of certain taxes. The relators had judg-
ment in the court below, and respondents appeal.

The facts, as disclosed by the findings of the trial court, are as
follows: For some time prior to August 30, 1899, William Sauntry
and William M. Cain were co-partners engaged in a mercantile,
logging, and lumbering business in said county. Sauntry resided
in Stillwater, in Washington county, and Cain in the village of
Barnum, in Carlton county. The principal place of business of
said co-partnership was in the village of Barnum, Carlton county.
On August 30 aforesaid a corporation was formed, and the co-
partnership business and property transferred thereto. During
said year 1899, prior to August 30, said co-partnership owned and
kept for sale a small stock of general merchandise in the town of
Twin Lakes, in said Carlton county, in connection with the firm's
lumbering business carried on in the same town. Said firm also
owned and operated a sawmill in said town, and during the time
stated had in their possession therein a large supply of logs, and
had stored therein a large quantity of manufactured lumber. On
June 3, 1899, the agent of said firm listed all such property for
taxation in the said town of Twin Lakes, and the same was duly
assessed therein. Thereafter the said agent again listed all such
property for taxation in the village of Barnum, the principal place
of business of said firm, and the same was in due form of law as-
sessed therein also. Due proceedings in each town resulted in re-
turning such assessments to the county auditor who regularly en-
tered the same upon the books of his office.

At a meeting of the county board of equalization in July, 1899,
the agent of said firm appeared, and applied for the cancellation of
the assessment of said property in said town of Twin Lakes, on the
ground that it was erroneously listed therein, and was properly
assessed in the village of Barnum. The board heard the applica-
tion, and granted it, and the auditor subsequently cancelled the
assessment and refused to extend the tax thereon, or certify the
same to the treasurer for collection. This proceeding is to compel
him to do so, and is based on the theory that the board of equaliza-

tion had no jurisdiction to cancel the assessment. Several errors are assigned by appellants, but only those involving an interpretation of G. S. 1894, §§ 1516, 1522, need be considered. The evidence is ample to sustain the findings of fact, and the court below did not err in denying the motion to change and amend them.

As a general rule, the situs of personal property for the purposes of taxation, unless otherwise provided by statute, is at the domicile or place of residence of the owner, and the rule applies to all such property as has not, for business purposes, a definite and fixed situs elsewhere. G. S. 1894, § 1516, expressly provides where such property shall be assessed and taxed in this state, and is practically in line with this general rule. It provides, so far as here applicable, that personal property not required to be listed elsewhere shall be assessed in the town where the owner or agent resides, and that the "personal property pertaining to the business of a merchant or of a manufacturer shall be listed in the town or district where his business is carried on." It seems to us that the question as to the proper town in which to list and assess property situated as that involved in this case is determined by the case of State v. Clarke, 64 Minn. 556, 67 N. W. 1144. There is no question as to the nature of the business carried on by Sauntry & Cain. They were merchants and also manufacturers of lumber, and carried on and conducted both lines of business in the town of Twin Lakes, where the property in question was in fact located when assessed. In the Clarke case the owner of the property had his principal place of business at St. Cloud, but conducted a business of manufacturing lumber in the city of Minneapolis, where the disputed assessment of taxes arose, and it was held that the logs and lumber pertaining to the Minneapolis business were properly listed and assessed in that city. We are unable to distinguish the two cases, and follow and apply the rule established in the Clarke case. It follows that the property in question was properly assessed in the town of Twin Lakes.

At the meeting of the board of equalization in and for said county in July, 1899, Sauntry & Cain duly applied for a cancellation of the assessment in the town of Twin Lakes, on the ground that the property was improperly assessed therein, and properly assessed in

the village of Barnum. The board granted the application, and ordered the assessment cancelled, which order was complied with by the county auditor. Respondents contend that the board had no authority to hear or determine such application, for two reasons: (1) That the statutes confer no such power upon the board of equalization; and (2) that no notice of the application was given to the town of Twin Lakes. And it is urged that the action of the board was wholly unauthorized and void, and that the taxes so assessed and entered upon the records remained as though no attempt had been made to cancel the same.

This contention involves the construction and interpretation of G. S. 1894, § 1522, which provides, among other things, that all questions that may arise between several places in the same county, as to the proper place to list personal property, shall be determined by the "county board." What board is meant by "county board"? The board of county commissioners or the county board of equalization? The court below held that the statute had reference solely to the board of county commissioners. We do not concur in the view of the learned district judge.

The board of county commissioners have very little, if anything, to do with the matter of assessing or equalizing taxes. Officers are provided by law who are charged with that duty in their respective jurisdictions, and the county commissioners have no control over them. A board of equalization is created for the express purpose, and clothed with the specific powers, of equalizing the assessment and levy of taxes, and adjusting all controversy in reference thereto. This board, though composed of the members of the board of county commissioners, acts independently, and is governed in the performance of its duties by the provisions of the statutes relating to the specific subject, and is in no measure affected or controlled by the statutes prescribing the duties of county commissioners. If this particular statute be construed to refer to the board of county commissioners, it is the only provision which has come to our notice that confers any power upon that body with respect to the assessment or equalization of taxes. A cursory reading of our tax laws discloses that a "county board" is referred to in but two sections,—section 1522 and section 1547. This latter section pro-

vides that all controversies in the matter of the assessment of taxes shall, as to residents of the town or district, be heard and determined by the town board of equalization, and as to nonresidents by the "county board." This section clearly indicates that the lawmakers contemplated that questions of the character of that involved in this case should be determined by the board of equalization. Such board was created for just such purposes, and it is not reasonable to suppose that the legislature would, after creating the office and defining the duties thereof, require the performance of such duties by some other board or tribunal. We therefore hold that all questions arising between different places in the same county, as to the proper place to list and assess personal property for taxation, must be presented to, and determined by, the county board of equalization.

The controversy in this case was determined by that board, and the assessment in the town of Twin Lakes ordered cancelled on the ground that the property was not subject to taxation therein, which order was duly complied with by the county auditor. This determination was erroneous. The property was properly taxed in such town, and the assessment thereof in the village of Barnum should have been cancelled and set aside instead. But the decision of the board is final, and not open to collateral attack. It might perhaps be reviewed by some direct proceeding, but until so reviewed and set aside the decision is by statute made final and binding. G. S. 1894, § 1522. See also 1 Desty, Taxn. 603.

Notice of the application to cancel and set aside the assessment was unnecessary. Clarke v. Commissioners, 66 Minn. 304, 69 N. W. 25, has no application. The application in that case was made to the state auditor, and the court held that before such officer could take cognizance thereof notice should be given to interested parties. That decision was manifestly correct, for the state auditor is required to hear such matters only when specially presented to him. The statutes do not, as in case of the board of equalization, fix a time for hearing such matters, and require that official to attend and hear and determine the same, but require him to do so when specially called upon. In the case of the board of equalization, the statute fixes and specifies a time and place of meeting, and

requires that all matters proper to come before the board relative to the assessment or equalization of taxes be presented and determined at such time. All persons interested in matters of the kind are required to take notice that they will be presented at some time during the session of the board, and no special notice is necessary. 1 Desty, Taxn. 599; O'Neal v. Bridge Co., 18 Md. 26; Nixon v. Ruple, 30 N. J. Law, 58; Avery v. City of East Saginaw, 44 Mich. 592, 7 N. W. 177.

Our conclusion is that, although the property in question was, upon the facts found by the trial court, properly listed and assessed in the town of Twin Lakes, yet the board of equalization had jurisdiction to inquire as to the facts, and to determine the question whether properly so listed. Their determination of such question, though erroneous, is final, and not open to review in this manner, and these proceedings should have been dismissed.

It follows that the judgment appealed from must be reversed. It is so ordered.