STATE ex rel. BOARD OF COUNTY COMMISSIONERS OF ST. LOUIS COUNTY v. SAMUEL G. IVERSON.[1]

February 16, 1906.

Nos. 14,446—(15).

**Taxation.**

The personal property of certain so-called logging railroad companies, incorporated under G. S. 1894, c. 34, but not engaged in business as common carriers of passengers or freight for hire, having no income, and hence not subject to the gross earnings system of taxation, but being operated by and in the interest of certain incorporated lumber companies, held, under G. S. 1894, § 1516, taxable in the county in which the corporations maintain their principal place of business, though actually kept and used in some other county of the state.

**Logging Railroads.**

The corporations are not transportation companies, within the meaning of G. S. 1894, § 1517.

Writ of certiorari issued from the supreme court upon relation of the board of county commissioners of St. Louis county, to review a decision of the state auditor holding that the personal property of Duluth & Northeastern Railroad Company and Mesabe Southern Railway Com-

[1]Reported in 106 N. W. 309.

pany was situated in Carlton county, Minnesota, for the purposes of assessment and taxation.   Writ discharged.

*Wilson G. Crosby,* for relator.

*Edward T. Young,* Attorney General, *George T. Simpson,* Assistant Attorney General, and *J. E. Green,* County Attorney, for respondent.

BROWN, J.

· Certiorari to review the decision of the state auditor, by which he held, under the authority of section 1522, G. S. 1894, that the place of taxation of certain personal property owned by the corporations to be presently named was in Carlton county.

The facts are as follows:   The Duluth & Northeastern Railway Company and the Mesabe Southern Railway Company are corporations organized and existing under the provisions of title 1, c. 34, G. S. 1894.   They are located wholly within the county of St. Louis, wherein is situated all personal property belonging to each; but their principal office or place of business is in Carlton county.   While they were organized for general railroad purposes, they never in fact engaged in business as common carriers of freight and passengers for hire.   They are logging railroads, so called, and their occupation has at all times been limited to hauling logs for certain lumber companies. The state auditor found as facts that the Northern Lumber Company, a corporation, owned and operated the Mesabe Southern Railway Company, and that the Cloquet Lumber Company owned, operated, and controlled the Duluth & Northeastern Railway Company, and, further, that the sole business of the said railroads was to haul and transport logs to the mills of the respective lumber companies.   He also found that the two railroad companies were in point of fact private concerns, with no income, and that the entire cost and expense of operating the same was paid by the lumber companies; that the officers of the lumber companies were the officers of the railroad companies.

It is contended on the part of the relator, the board of county commissioners of St. Louis county, that the personal property belonging to these railroad companies, being located entirely within St. Louis county, is taxable in that county, and that the auditor erred in holding Carlton county the proper place of taxation.

Our examination of the subject leads to the conclusion that the de-

cision of the state auditor must be sustained. Whether his finding that the railroad companies were owned by the lumber companies is sustained as a matter of law or fact is not very important. It is doubtful whether one corporation can own another different and distinct corporation, though one corporation may in fact operate and control another. However, it is clear that the two railroad companies are private concerns in no way engaged in the business of common carriers. Neither has any income and they are not subject to taxation under the gross earnings system. They have no earnings, their entire management is under the control of the lumber companies, which heretofore have paid all expenses for operating the same, and they are taxable as other owners of personal property. The principal place of business of each is, according to the findings of the state auditor, in Carlton county, and under section 1516, G. S. 1894, personal property owned by them is taxable in that county.

It is urged by relator that the corporations are transportation companies, and come within the meaning of section 1517, G. S. 1894, which provides that personal property of "express, transportation and stage companies" shall be listed and assessed in the county where the same is usually kept. We do not concur in this view. The railroad companies are not transportation companies, within the meaning of that statute, though they were organized as public corporations under chapter 34. The facts disclose that they are purely private affairs, and were organized solely for the purpose of furthering the business and interests of the lumber companies, and we are clear that they do not come within the purview of section 1517. That statute must be construed as applying to transportation companies engaged as common carriers of freight or passengers for hire, and not to concerns created and existing and being operated in furtherance of private interests, as in the case at bar. It follows that the conclusions of the state auditor are in harmony with the rule laid down in State v. Dunn, 86 Minn. 301, 90 N. W. 772.

His decision in the premises is therefore sustained, and the writ of certiorari sued out herein discharged.