## STATE ex rel. BOARD OF COMMISSIONERS OF CARLTON COUNTY v. SAMUEL G. IVERSON.[1]

July 2, 1909.

Nos. 16,117—(35).

**Situs of Personal Property for Taxation.**

  Certain property belonging to the Cloquet Tie & Post Company, a Minnesota corporation doing business at Cloquet, in Carlton county, *held* assessable for taxation in that county, though manufactured in St. Louis county and stored therein for shipment direct to purchasers; it not appearing that the owner, a manufacturer, had an established place of business in St. Louis county.

Certiorari from this court on the relation of the board of county commissioners of Carlton county to review the decision and order

[1]Reported in 122 N. W. 165.

of the respondent Samuel G. Iverson, as state auditor, with respect to the place of taxation of personal property owned by the Cloquet Tie & Post Company.   Decision and order reversed.

*Clayton J. Dodge,* for relators.

*George T. Simpson,* Attorney General, *Clifford L. Hilton,* Assistant Attorney General, and *William J. Stevenson,* special counsel for St. Louis county, for respondent.


Brown, J.

Certiorari to review an order of the state auditor fixing the taxable situs of certain personal property.

The facts are as follows: The Cloquet Tie & Post Company is a Minnesota corporation, located and doing business at Cloquet, in Carlton county.   It is engaged in manufacturing and selling on the market railroad ties, fence posts, telegraph and telephone poles, and spruce pulpwood, obtaining timber and material therefor from land located in both St. Louis and Carlton counties.   Its business is all conducted from its offices in Cloquet, and all purchases, sales, and contracts are made at that place.   It sends crews of men upon its lands in both counties, who cut down trees and manufacture therefrom its products, ties, posts, and poles, which are stored at or near convenient railroad facilities.   When sold, the ties, posts, or poles are shipped directly to purchasers from the point where prepared, or where piled or stored near the railroads.   It maintains no office, so far as concerns this case, for the transaction of any business in St. Louis county, and the only business conducted therein is the cutting and finishing of its ties, etc.   During the year for which the taxes in question were assessed it had cut in the manner here outlined a large number of ties, posts, and poles in St. Louis county, where they were stored ready for shipment direct to purchasers. They were assessed for taxation in St. Louis county, and also in Carlton county.   Application was thereafter properly made to the state auditor to determine their taxable situs, and he held that they were properly assessed in St. Louis county, and the assessment in Carlton county was ordered canceled.   The board of county commissioners of that county then sued out this writ to review the decision so made.

We are of the opinion that the state auditor erred in holding that this particular property was taxable in St. Louis county. In all other respects his decision was in harmony with the statutes and the decisions of this court in similar cases. Section 822, R. L. 1905, provides that personal property pertaining to the business of a manufacturer shall be listed for taxation in the "town or district where his business is carried on." There is no question in this case, under the facts stated in the auditor's return, that the owner of this property, the Cloquet Tie & Post Company, carried on its business at Cloquet, in Carlton county. Its office was located and its officers transacted the business of the company at that place. It is not claimed that it had any business office in St. Louis county, except a small general store in no way connected with the property in question, or possessing authority to sell the same; but the contention is, and this was the theory of the auditor's decision, that because of the fact that it sent crews of men into the woods of St. Louis county, who there manufactured the ties, posts, and poles from the standing timber, leaving a finished product ready for the market, the company was doing business in that county, as well as in Carlton county, within the meaning of the statute, and therefore taxable in St. Louis county, under the rule stated in State v. Clarke, 64 Minn. 556, 67 N. W. 1144.

The statute should not be construed so broadly. Its purpose was in the interests of the taxpayer concerned, and to secure to manufacturers, so far as practicable, the right to have their property assessed for taxation at the place where their business was conducted, precisely as the individual has the right to have his assessment made at the place of his residence. Manufacturing concerns like this company necessarily have property located at various places, and to tax it wherever found would work an injustice and hardship. So the statute says, in effect, that it shall be assessed for taxation at the place of business of the owner.

It is quite true that such a concern may carry on business at different places in the state, in which case the property pertaining to each establishment is taxable at that point. Such was the situation in State v. Clarke, supra. It there appeared that Clarke resided and carried on his principal business at St. Cloud, though he operated

a branch office at Minneapolis, where logs were manufactured into lumber and sold from an office located in that city.   Such, however, is not the case at bar.   Here the company's whole business was transacted at Cloquet.   It cannot be said that it carried on business in St. Louis county merely because its employees were sent into that county to manufacture posts and poles from the standing timber. These employees were hired laborers, and it does not appear either that they had authority to or ever did sell or otherwise dispose of any of the products of their labor.   For aught that appears from the record, all this was done from the home office of the company and at its place of business in Cloquet.   This view of the question is sustained by State v. Dunn, 86 Minn. 301, 90 N. W. 772.

The Illinois and Michigan cases cited by the state are not opposed to this conclusion.   The decisions in the Illinois cases seem to be predicated upon the theory of this court in State v. Clarke, supra, namely, that a manufacturing concern may have two or more "places of business" within the meaning of the statute.   The Wisconsin cases cited construed statutes of that state in reference to nonresident property owners and are not in point.

Our conclusion is that the ties, posts and poles in question were properly assessed in Carlton county, and it is ordered that the assessment there made be restored to the tax rolls, and, further, that the assessment of the same property in St. Louis county be canceled and set aside.

Let judgment be entered accordingly.