STATE OF MINNESOTA vs. ANTON JOHNSON FRAMNESS.

June 19, 1890.

Seduction—Indictment.—The indictment *held* sufficient to show that the prosecutrix was at the time of the alleged offence a person of "previous chaste character."

Verdict—Harmless Misnomer.—A slight error in entitling the verdict returned by the jury as "Farmness" for "Framness," *held* immaterial.

Appeal—Bill of Exceptions—Errors not Shown in Return.—Where a case is brought up to this court upon a bill of exceptions, and the return does not purport to contain a record of any proceedings in the court below not set forth therein, or to be a complete transcript of the record in that court, no alleged errors will be considered in this court not affirmatively shown by the return.

Seduction—Penalty.—The penalty provided by section 242, Penal Code, is a fine, or imprisonment in the state's prison, or both. But such punishment must be clearly defined, and cannot be in the alternative; and, where the measure of punishment intended to be inflicted is a fine only, the payment thereof cannot be enforced by imprisonment in the state's prison until paid, or not exceeding a period fixed by the court.

Defendant was tried and convicted in the district court for Becker county, before *Mills*, J., on an indictment for seduction under promise of marriage, and was sentenced to pay a fine of $700, and, in default of payment, to be imprisoned at hard labor in the state prison until the fine should be paid, not exceeding 12 months. He appeals from the judgment and from an order refusing a new trial. The indictment, after charging defendant with seduction of the woman

named therein, under promise of marriage, describes her character as follows: "She the said" (naming her) "being, at the time of said seduction and said act of sexual intercourse, an unmarried female of chaste character previous to said seduction and said act of sexual intercourse."

*O. Mosness* and *C. M. Johnston*, for appellant.

*Moses E. Clapp*, Attorney General, and *Jeff. H. Irish*, for the State.

VANDERBURGH, J.   1. The error first assigned is the insufficiency of the indictment in failing to state with sufficient precision that the prosecutrix was at the time of the alleged seduction "a female of previous chaste character."   There is nothing in the point.   The statement is evidently intended to be made precise with reference to an objection of this kind.   The indictment conforms to the statute, and the intent is clearly to charge that the offence was committed with "an unmarried female of previous chaste character."

2. A slight error in entitling the case by the jury in the verdict returned in writing was immaterial and without prejudice.   It was rendered in the case actually on trial.   It was not necessary to entitle it, and the mistake was in the transposition of a single letter only,—"Farmness" instead of "Framness."

3. The case is here upon a bill of exceptions which presents only the indictment, objection to evidence under it, the motion in arrest of judgment, the order denying a new trial, and the sentence.   The appeal is from the order denying a new trial and from the judgment. The return does not purport to be a transcript of the record, of the minutes of the trial, or of any other proceedings in the trial court than we have mentioned.   We may presume that the appellant caused so much of the record to be returned as was sent up, and as he deemed necessary for the purposes of the appeal, and if not complete, or if not in conformity with the truth, the omission might have been remedied, or the error corrected, upon a proper and seasonable application.   As held in the case of *State* v. *Brown*, 41 Minn. 319, (43 N. W. Rep. 69,) there is nothing in the record in this court upon which to base the objection that the defendant was not arraigned or did not plead in the court below.   It cannot be considered on this appeal.   As to the practice in this court, see, further, *State* v. *Ryan*,

13 Minn. 343, (370;) *State* **v.** *Brown,* 12 Minn. 448, (538, 544;)
*State* v. *Conway,* 23 Minn. 291; *Bilansky* v. *State,* 3 Minn. 313, (427.)
There is no ground for a new trial disclosed by the record in this
court, and the order denying it should be affirmed.

4. But in respect to the proceedings subsequent to the verdict, we
think the defendant's objection to the form of the sentence is well
taken.    The crime is by the statute (Pen. Code, § 242) made pun-
ishable by imprisonment in the state's prison for not more than five
years, or by a fine of not more than $1,000, or by both.  But whether
punished by imprisonment only, or by both fine and imprisonment,
in either case the term must be made definite and certain.   But in
this case it is evident that the intention was to impose a fine as the
measure of the punishment, and that the imprisonment in the state's
prison provided for was not by way of punishment for the crime, but
to enforce the payment of the fine.    *State* v. *Peterson,* 38 Minn. 143,
149, (36 N. W. Rep. 443.)   For such purpose imprisonment in the
county jail is alone warranted.   Pen. Code, § 525.   There was no
legal warrant for imprisonment in the state's prison until the pay-
ment of the fine.   But, as this error is subsequent to the verdict, the
conviction will stand, and under Gen. St. 1878, *c.* 117, § 9, we think
the judgment or sentence may be vacated, and a lawful one pro-
nounced, which may more properly be done by the court which tried
the case.   The practice was settled in *Mims* v. *State,* 26 Minn. 494,
(5 N. W. Rep. 369.)

Judgment vacated, and the case is remanded to the district court
of Becker county for sentence upon the verdict rendered therein.