# STATE v. DAVID C. BELL.[1]

June 24, 1910.

Nos. 16,663—(19).

**Assessment for personal property.**

> In 1906 the assessor of Minneapolis made an arbitrary assessment against Bell for "credits." Bell had previously made a return of personal property to the assessor of Excelsior, in the same county, where he resided. *Held*, in the absence of evidence that Bell owned no such property, or, owning it, had previously listed it for taxation at Excelsior, or of an application to the county board of equalization, judgment was properly directed in favor of the state.

In proceedings in the district court for Hennepin county by the state to collect $1,427.50 delinquent taxes upon certain personal property for the year 1906, defendant filed his answer. The facts are stated in the opinion. John E. Bell having died, David C. Bell, as executor, was substituted. The matter was heard before Brooks, J., who rendered judgment in favor of the state. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Harlan P. Roberts,* for appellant.

*Al. J. Smith,* County Attorney, and *Elmer W. Gray,* Assistant County Attorney, for the State.

O'BRIEN, J.

J. E. Bell was a resident of the village of Excelsior, Hennepin county, May 1, 1906, and filed with the assessor of that village a statement which purported to contain a list of his personal property subject to taxation. In July of the same year the assessor of the city of Minneapolis, Hennepin county, made an arbitrary assessment against him for "credits other than of banks, bankers, brokers or stock jobbers," in the sum of $50,000. Mr. Bell appeared before

[1] Reported in 126 N. W. 901.

the board of equalization of the city of Minneapolis and objected to this assessment, upon the ground that he was not a resident of that city. The assessment was allowed to stand, but his attorney testified that he was told by the assessor that the board of equalization had voted to cancel it. Upon the trial no evidence was offered to show whether or not Bell in fact owned the credits on May 1, 1906, or that the same were assessed or returned for taxation in Excelsior, or any other place than Minneapolis. Judgment was ordered for the tax. After this appeal was taken Mr. Bell died, and by stipulation David C. Bell, his executor, was substituted as defendant.

1. The first assignment of error is as to the finding that Bell was the owner of the credits. Under section 896, R. L. 1905, the citation was prima facie evidence of the existence of the property and its ownership, and in the absence of any evidence upon this point the presumption became conclusive.

2. The next is as to the finding it was not proven that any of these credits were listed or returned for taxation at the village of Excelsior. An examination of the record fails to show any attempt by anybody to make such proof. The finding of the court in this respect amounted to this: That beginning with the prima facie presumption as to the existence of the property it was necessary for the defendant to show either that he was not the owner of any such property, or that it had been already properly listed for taxation.

3. If the reason Bell refrained from applying to the county board of equalization was because of information and advice received from the assessor that the assessment made against him had been canceled by the city board of equalization, such fact does not go to the merits of the tax, nor excuse him from taking any other steps necessary to protect his rights. A public officer has no power to estop the state or any of its governmental agencies in this manner, and the question of responsibility must be settled in an action between the parties as individuals.

4. The findings of fact were therefore sustained by the evidence, and upon those findings the trial court correctly concluded that the state was entitled to judgment.

We have a case where the defendant is a resident of the county

in which the tax was levied, and was presumptively the owner of the property taxed. The only question is whether the tax should be levied in one or another assessment district of the same county. In the absence of a showing that the property was listed for taxation in the district in which the defendant resided, or that it was listed more than once for taxation, we do not think the situs of the property as between different assessment districts in the same county is material. Section 834, R. L. 1905, provides that in case of doubt between places in the same county the proper place shall be determined by the county board of equalization. If the property owner was threatened with injustice by assessing this property in Minneapolis, instead of Excelsior, his exclusive remedy was to apply to the county board of equalization. State v. Dunn, 86 Minn. 301, 90 N. W. 772; State v. Hynes, 82 Minn. 34, 84 N. W. 636; State v. Willard, 77 Minn. 190, 79 N. W. 829; Clarke v. County of Stearns, 47 Minn. 552, 50 N. W. 615; State v. Clarke, 64 Minn. 556, 67 N. W. 1144. In re Jefferson, 35 Minn. 215, 28 N. W. 256.

Order affirmed.

JAGGARD, J.
I concur in the conclusion reached.