## STATE v. JOHN R. KIEWEL.[1]

March 5, 1926.

No. 25,085.

**Proper practice in questioning sufficiency of plea of former jeopardy.**
    1. The sufficiency of a plea of former jeopardy may be questioned by demurrer but a motion to strike is the better practice.

**Plea of nolo contendere.**
    2. Under our statutes there is no plea of nolo contendere.

**Dismissal of criminal prosecution on the merits.**
    3. The district court has no power before trial and on motion of the county attorney to dismiss a criminal prosecution on the merits.

**No estoppel against state.**
    4. The state cannot be estopped by the unauthorized acts of its officers.

    Criminal Law, 16 C. J. pp. 244 n. 26; 245 n. 27; 404 n. 83; 405 n. 92, 93, 94; 416 n. 68; 423 n. 87; 432 n. 21; 435 n. 66 New; 939 n. 32 New.
    Estoppel, 21 C. J. p. 1191 n. 19.
    Indictments and Informations, 31 C. J. p. 600 n. 59 New.
    Statutes, 36 Cyc. p. 1122 n. 49.

[1]Reported in 207 N. W. 646.

When defendant entered pleas of not guilty and former jeopardy to an information for grand larceny by the county attorney for Ottertail county the state demurred and moved to strike. The demurrer was sustained, Stanton, J., designated by the Governor to hear the case, who certified to the supreme court the questions stated in the first paragraph of the opinion. Negative answers to both questions.

*Clifford L. Hilton*, Attorney General, *G. A. Youngquist*, Assistant Attorney General, and *Leonard Eriksson*, County Attorney, for plaintiff.

*Roger Dell* and *Murphy & Johanson*, for defendant.

STONE, J.

Defendant being under five indictments for grand larceny pleaded guilty to one and was sentenced to pay a fine of $500 and costs. On motion of the county attorney the other indictments were dismissed by the court. The complaints of individuals reopened the charges involved in three of the dismissed indictments and caused defendant to be bound over to the grand jury. Thereupon, the county attorney filed an information charging defendant with a crime of which he had been accused in one of the dismissed indictments. Defendant interposed pleas of not guilty and of former jeopardy. The state opposed the latter by demurrer and motion to strike. The demurrer was sustained and the motion granted, but the learned trial judge certified to this court the following questions of law:

Do the matters alleged in defendant's plea, if conceded to be true, estop the state from prosecuting this action?

Is defendant entitled, under the record as herewith submitted, to an order dismissing the information?

1. Before going to the merits, we notice that there was some confusion below concerning a question of procedure—whether defendant's attempted plea of former jeopardy should be challenged by demurrer or by motion to strike. We know of no legal obstacle to the demurrer. Of course, it admits the truth of the plea. The

motion accomplishes everything that can be accomplished by demurrer, is more direct and comprehensive in its attack and altogether better practice.

2. Another thing to be disposed of as a preliminary matter is the argument for defendant that his plea of guilty, upon which he was sentenced to pay the fine, coupled with the dismissal of the other indictments then pending, amounted to a plea of nolo contendere to all of those indictments. The effort is to bring all of the charges within the bar of the conviction for the one to which defendant pleaded guilty. Without going into the argument any farther, we hold there is no such thing as a plea of nolo contendere under our statute, section 10695, G. S. 1923, which enumerates as the "three pleas to an indictment" those of guilty, not guilty and of judgment of conviction or of acquittal. This statutory enumeration necessarily excludes a plea of nolo contendere. Were it otherwise, defendant's case would be no better, for the plea of nolo contendere never was permitted except in the case of a misdemeanor which could be punished by fine alone. It was never permitted in cases of felony nor in any case of misdemeanor for which the punishment had to be imprisonment, with or without a fine. 8 R. C. L. 117, citing Tucker v. U. S. 116 C. C. A. 62, 196 F. 260, 41 L. R. A. (N. S.) 70.

3. Defendant's plea of so-called former jeopardy is based upon what he avers was a successful "attempt to effectuate an arrangement" with the county attorney and the court whereby his plea of guilty to one of the old indictments was to be accepted "upon the condition that the remaining indictments * * * be dismissed." The plea goes on to state "that the county attorney thereupon informed this defendant * * * that he would take the matter up with the court with a view of determining the question whether to accept such proposal or reject it and this defendant is informed and verily believes," his plea proceeds to state, that after consultation with the court, the "county attorney * * * did obtain the court's approval * * * and informed this defendant * * * that said proposal * * * would be accepted" and accordingly "pursuant

to said agreement and understanding" defendant pleaded guilty and the county attorney moved the dismissal of the remaining indictments. It is further claimed that defendant "fairly and fully informed the court of the nature and character of all of the offenses" involved "and the county attorney did then and there further inform the court" of his confidence in his ability to prove each of the offenses in question "to the satisfaction of a jury."

Of course both the prosecuting officer and the presiding judge considered that the ends of justice would be served by permitting the defendant to plead guilty to one of the indictments and dismissing the others. It was in their power to do that and no more. There is no merit in the suggestion that they made any bargain otherwise.

The power to dismiss a criminal prosecution without trial is statutory and granted by section 10725, G. S. 1923, reading as follows:

"The court may, either of its own motion or upon the application of the prosecuting officer, and in furtherance of justice, order an action, after indictment, to be dismissed; but in that case the reasons for the dismissal shall be set forth in the order, and entered upon the minutes."

The power is to dismiss and not to dismiss on the merits. The dismissal operates to terminate the action or proceeding and not to put an end to the liability of the defendant to further prosecution. 3 Words & Phrases 2104. See also cases cited in dissenting opinion in State v. Artz, 154 Minn. 290 (291), 191 N. W. 605. Our attention has been invited to no authority to the contrary. Were the legislative intent otherwise, certainly a judgment of dismissal rather than a mere order would have been provided for. Moreover, courts would have a power equivalent in effect to the executive prerogative of pardon and the bar of former jeopardy would arise in cases where it has never been even suggested before. There can be no jeopardy of punishment in the legal and constitutional sense until a jury is empanelled and sworn to try the accused on a valid indictment. State v. Sommers, 60 Minn. 90, 61 N. W. 907.

In view of the possibly exclusive effect of the statutory enumeration of pleas to an indictment, there is some question whether pardon, former jeopardy or the statute of limitations (where the bar does not appear from the face of the indictment), can be asserted by plea in advance of the trial or whether they can be availed of only under the general issue at the trial. The case comes here in such a manner as not to present that question for decision. 16 C. J. 416. As to the necessity for a trial and a judgment to support a plea of former conviction or acquittal, see State v. Summerland, 155 Minn. 395, 193 N. W. 699.

4. The state cannot be estopped by acts of its officers beyond their authority. So even if the dismissal of the earlier indictments had been intended as a dismissal on the merits, which it was not, it would not result in an estoppel. That follows independently of the fact that in prosecuting persons accused of crime the state acts in its sovereign capacity and so is not subject to estoppel.

Both of the questions must be and they are answered in the negative.