## STATE v. ROY HANSEN.[1]

December 16, 1927.

No. 26,330.

**New trial granted.**
New trial granted for errors occurring at the trial and *held* to be prejudicial.

Bastards, 7 C. J. p. 989 n. 78 New.
Criminal Law, 16 C. J. p. 827 n. 15; p. 830 n. 38.

Defendant appealed from an order of the district court for Hennepin county, Bardwell, J. denying his motion for a new trial. Reversed.

*John G. Priebe,* for appellant.

*Floyd B. Olson,* County Attorney, and *A. C. Lindholm,* Assistant County Attorney, for the state.

OLSEN, C.

Defendant was tried in the district court upon the complaint of Helga Nelson, charging him with being the father of her illegitimate child. He was found guilty and appeals from an order denying his motion for a new trial.

[1] Errors are assigned upon rulings on evidence on cross-examination of the witness Alberta Campbell. This witness was called by defendant and testified on direct examination that she had a conversation with Helga Nelson, the complainant, and that complainant told the witness that one "Curley" was responsible for her condition. The witness did not testify to any conversation with defendant. On her cross-examination, the assistant county attorney, who tried the case for plaintiff, asked the following questions:

Q. "Did you ever make this statement at any time: 'Roy Hansen [the defendant] sure made you folks believe a lot of lies about me?'"

[1]Reported in 217 N. W. 146.

Q. "I say did you ever make this statement: 'Roy Hansen sure made you folks believe a lot of lies about me, and I sure feel terrible bad about it?'"

Objections were made by Mr. Priebe, counsel for defendant, to each question and overruled and exceptions taken. Counsel for plaintiff then produced a letter written by the witness to Helga Nelson, containing the statement referred to, and offered it in evidence. Defendant's counsel objected, and the objection was overruled and exception taken and the letter received. The witness had testified that she did not remember writing such a letter. There was no suggestion that this letter and evidence were offered or received for impeachment purposes, and there was nothing in the direct testimony to which it could relate for that purpose. It was received generally without limitation as to its application either at the time received or in the charge. The effect was to receive in evidence the written statement of this witness, not made under oath, charging defendant with falsifying as to a matter irrelevant to any issue in the case. The statement and letter amounted to a charge, not that this witness had done anything improper, but that the defendant Hansen had lied and was untruthful. It was error to permit this inquiry and receive the letter, and apparently prejudice may have resulted.

The witness was asked this question: "When you were at the hospital you weren't there for the purpose of an abortion, were you?" Objection was sustained and there was not reversible error, but the question was improper and no foundation or occasion for such inquiry appears. Insinuations of that kind, without any foundation therefor, should not be conveyed to the jury.

[2] Errors are assigned as to remarks of the court and conduct of the trial and as to conduct of the assistant county attorney in cross-examination of Earl Schmidt. He was called as a witness for defendant and testified on direct examination that he had sexual intercourse with the complainant, Helga Nelson, the day after she alleged the intercourse with defendant took place. This evidence was an admission or confession by the witness that he was guilty of a misdemeanor under G. S. 1923, § 10185. It discredited him as to

morality and chastity. It was testimony which might well enough cause law-abiding men and women to look upon the witness with dislike and contempt. But it did not directly impeach or affect the veracity of the witness or the credibility of his testimony, and the evidence was admittedly relevant and material to the issue in the case. The jurors were competent to give proper weight to this evidence. .

The witness, on direct examination, gave no testimony as to any conversation or relations with defendant Hansen. On cross-examination the assistant county attorney very properly made full inquiry as to the acquaintance, friendship and connections of the witness with the defendant. Counsel then sought to bring out conversations between the witness and defendant and to show what defendant had said to the witness. If any admissions had been made by defendant to the witness, it was competent for the state to prove them, but not by cross-examination of a witness for defendant who had not on direct examination testified to any conversation with defendant. It was not proper cross-examination. This question was asked: "He [Hansen] told you whom he had sexual intercourse with, did he?" The question was objected to as not proper cross-examination, the objection overruled and exception taken. Counsel persisted and repeated the question, and the witness, before any objection was made, answered, "No, sir." Counsel for defendant objected: "Assuming facts not in evidence, your Honor."

The Court: "It don't make any difference.

Mr. Priebe: "What is the court's ruling?

The Court: "Overruled. When a man will come on the stand and tell a story of this kind, I will let the county attorney go as far as he has a mind to—a man that will deliberately come on the stand and admit a crime, I will let the county attorney go to the extreme.

Mr. Priebe: "Note an exception to the remarks of the court.

The Court: "You may have an exception. If I did the right thing I would send this man up to jail right now."

· Shortly thereafter this question was asked:

Q. "There isn't any mistake in your mind? You can't tell us a single dance you attended any other time during September?

A. "Oh, yes, I could.

Q. "You can't tell us a single date—

Mr. Priebe: "Let him answer, will you please? He says he can.

Mr. Lindholm [Assistant County Attorney]: "I am running the cross-examination.

Mr. Priebe: "You let the witness answer the question. I don't care about you running the cross-examination.

The Court: "I will run the court.

Mr. Priebe: "I know that, your Honor.

The Court: "Keep still."

So far as shown by the record, defendant's counsel had not failed in courtesy to the court or opposing counsel and was not at fault. His objection to the question to this witness, first noted, was well taken. His request for a ruling on the subsequent objection was not improper. The record discloses no cause or occasion, so far as counsel was concerned, for the remarks of the court or the admonition to counsel to keep still. The effect of these occurrences upon the average juror would likely be that this witness was thoroughly discredited and any value that his testimony might otherwise have had was greatly impaired, if not wholly destroyed, and that defendant's counsel was to some extent discredited.

The rule is well settled that, where no prejudice results and it can be said upon the whole record that a fair trial was had and no injury resulted, erroneous rulings and irregularities do not require a new trial. The assistant county attorney appears to have been somewhat over-zealous for his cause. Inadvertently, no doubt, he asked some improper questions and succeeded in bringing into the evidence matters which should not have been received. The learned trial court, with no intention of prejudicing the defendant's cause, made some erroneous rulings and uncalled for remarks. The verdict in the case has sufficient support in the evidence. But there is the usual direct conflict in the testimony. Complainant gave

positive testimony in support of the charge. Defendant as positively denied the charge. In that situation the issue of fact is squarely for the jury to decide. The issue should go to the jury free from any improper evidence, comments or suggestions tending to impair the credibility of the witnesses on either side. As said in the case of City of Minneapolis v. Canterbury, 122 Minn. 301, 310, 142 N. W. 812, 48 L.R.A.(N.S.) 842, Ann. Cas. 1914D, 804:

"If the integrity of trial by jury is to be preserved, as it must be, the credibility of witnesses should be left entirely to the jury."

It is not error in this state for the court in its charge to the jury in a civil case to make fair comment on the evidence and express its opinion thereon, provided the final determination of questions of fact is left to the jury. But this rule does not go to the extent of permitting comments, during the examination of particular witnesses on one side of the case, tending to disparage their credibility and destroy the value of their testimony, or to humiliate counsel. The objections to such comment are readily apparent in this case by comparison of the testimony of complainant, Helga Nelson, with the testimony of defendant's witness Earl Schmidt. She testified to several violations by her of G. S. 1923, § 10185. Presumably she was just as liable to punishment therefor as this witness. There was no comment in that direction on her testimony and no suggestion that she ought to be sent "up to jail." As to her, the court charged:

"The question of the morality of this complaining witness is not at issue. You have no concern whatsoever as to whether this girl is a good girl or whether she is a bad girl."

Other assignments of error have been examined and found not to require discussion.

The erroneous admission of evidence on cross-examination of the witness Campbell, and the occurrences during the cross-examination of the witness Schmidt, are held to be prejudicial errors.

The order appealed from is reversed and a new trial granted.