# STATE v. ROY HANSEN.[1]

October 28, 1932.

No. 29,049.

John G. Priebe, for appellant.

Edward J. Goff, County Attorney, and Per M. Larson, Assistant County Attorney, for the state.

STONE, J.

This is a filiation proceeding wherein defendant was found guilty by a jury. He appeals from the order denying his motion for a new trial.

This is the second time a jury has passed upon the issue adversely to defendant. The case was here before, 173 Minn. 158, 217 N. W. 146, after defendant's first conviction. We reversed then for error, but did hold that there was sufficient evidence to sustain the verdict. The case for the state is no weaker on the present record; so nothing more need be said on the merits.

Probably the major claim for defendant is that he was entitled to a dismissal on the ground of delay. The case was first tried in February, 1927. April 9, 1931, defendant moved for dismissal on the ground of laches. The motion was denied May 1, 1931. Finally, December 1, 1931, the second trial commenced. At its opening

[1]Reported in 244 N. W. 809.

defendant renewed his motion for dismissal and now preserves the point by proper assignment of error.

It is sufficient to say that there are persuasive indications, and it could well have been concluded below, that defendant, even more than the state, was responsible for the delay. There was too much procrastination on both sides. The state is not immune from censure for the delay. But in view of the extent to which defendant's counsel asked for and procured it, the motion to dismiss was properly denied. The case is civil in character rather than criminal. State ex rel. Simon v. District Court, 138 Minn. 77, 163 N. W. 797. Even were we to allow the argument that the same rule should hold as in a criminal case, there would be no ground for a dismissal for laches. The right to speedy trial in criminal cases is for the protection of the defendant. To the extent that by motion for continuance or delay of trial defendant procures delay, he is plainly estopped from insisting that he has been prejudiced. If a speedy trial is not demanded by one entitled thereto, he waives the privilege. State v. McTague, 173 Minn. 153, 216 N. W. 787. Compare State v. Artz, 154 Minn. 290, 191 N. W. 605.

Other assignments of error present nothing of prejudice to defendant. We have given particular attention to the claim that the assistant county attorney, trying the case for the state, was guilty of misconduct in his summing up. Much of his address was naturally devoted to answering the preceding argument for the defendant, the privilege of reading which has been denied us because it has not been preserved in the record. We cannot say that the remarks complained of, in so far as they were in answer to opposing argument, were not justified by it. The record contains nothing which would justify us in holding that there was abuse of discretion below in denying the defendant a new trial on account of misconduct of the prosecution.

Order affirmed.