# STATE v. BEN E. PEDERSON.

88 N. W. (2d) 13.

January 31, 1958—No. 37,196.

*Ben E. Pederson,* pro se, for relator.

*Miles Lord,* Attorney General, *Charles E. Houston,* Solicitor General, and *F. J. Clemmensen,* County Attorney, for respondent.

MURPHY, JUSTICE.

This matter is before us on a writ of error to review judgment of conviction entered in the District Court of Wilkin County on November 15, 1956. Defendant is confined in the State Penitentiary at Stillwater. The matter is presented on the original files in the lower court together with the transcript of proceedings at the time sentence was imposed as well as the briefs of defendant and the attorney general.

The following is a brief statement of facts giving rise to the issue before us: On August 10, 1942, a complaint was filed in justice court, Wilkin County, charging the defendant with having forged a check in the sum of $32.50 in violation of M. S. A. 620.10. A warrant was issued after which the defendant was apprehended. Upon arraignment before the justice of the peace he entered a plea of not guilty. After a preliminary hearing the defendant was bound over to the next term of the District Court of Wilkin County and his bail was fixed at $5,000. Being unable to post bail he was committed to the Wilkin County jail at Breckenridge, Minnesota. He objected that the bail as fixed was too high and in November 1942 applied for a writ of habeas corpus. Upon hearing in district court it was held that he had been regularly committed and his application for reduction of bail was denied. On November 25, 1942, while waiting arraignment on the charge in the district court, the defendant escaped from jail.

On May 18, 1943, information was filed by the county attorney in the District Court of Wilkin County charging the defendant with the crime of uttering a forged instrument on August 8, 1942, whereupon a bench warrant was issued. The warrant was not returned until September 27, 1956, after the defendant had voluntarily returned to Minnesota. At this point it should be noted that prior to his original arrest in August 1942, the defendant had been convicted of four felonies. In the interval between his escape in November 1942 and Sep-

tember 1956, the defendant was convicted of felonies in California and Montana and served sentences in those states. After he returned to Minnesota in 1956, he was arraigned on the information and his bond was fixed at $7,500. At the arraignment the court advised the defendant of his right to the assistance of counsel and offered to appoint counsel for him. The defendant declined the offer saying: "I would rather handle the matter myself." To the court's inquiry as to whether or not he would decline the services of counsel if one were appointed, the defendant answered in the affirmative. The defendant entered a plea of not guilty. Upon trial the jury returned a verdict of guilty.

After the verdict of guilty was returned the defendant informed the court that he was willing to be sworn and answer questions relating to his record. Upon examination by the county attorney he admitted that he had been convicted of six previous felonies since 1923. After his examination the court imposed the following sentence:

"It is the judgment and sentence of this court that you, B. Larson, alias Ben Pederson, alias W. J. Lamme, you having now informed the court that your true and correct name is Ben Edward Pederson, as punishment for the crime of forgery in the second degree, for which offense you have been duly informed against by the county attorney of Wilkin County, Minnesota, and of which you have been found guilty on trial by a jury, and of which you are adjudged guilty, this offense being subsequent to four or more other offenses constituting felonies under the laws of the State of Minnesota, more particularly dealt with by Section 610.29 M S A, be committed to and confined in the Minnesota State Prison at Stillwater, Minnesota, at hard labor, until duly released therefrom by operation of law or act of the proper authorities."

The court then explained to the defendant the provisions of § 610.29, which provides for increased punishment where three or more convictions precede the conviction upon which sentence is imposed,[1] after which the court stated:

---

[1]"A person who, after having been three times convicted in this state of felonies, or attempts to commit felonies, or, under the laws of any other state or country, of crimes which, if committed in this state, would be felonies, commits any felony or attempts to commit any felony in this

"The punishment prescribed by statute for second degree forgery is a maximum of ten years, so under the law of this state it is mandatory that your sentence, the maximum of your sentence be for life. The minimum, if there is a minimum, will have to be fixed by the pardon authority and not by this court."

■ It is agreed by both parties that the sentence is in error. On the state of the record at the time sentence was imposed the punishment could not exceed that imposed for violation of § 620.10, the limit of which would be ten years under § 620.11. The increased penalty by reason of the previous convictions could not have been imposed in the absence of compliance by the state with the provision of § 610.31, which requires informations of previous offenses to be filed by the prosecuting officer where such increased punishment is sought. Here, no informations were presented to the court charging the defendant with having committed previous offenses. Where the state seeks to impose increased punishment provided for by § 610.29, the prosecutive authority is required to file an information with reference to each previous conviction. The defendant is entitled to have the information read to him and to enter his plea thereto. He must further be informed of his right to be tried as to the truth of each previous conviction and in the event he pleads not guilty or stands mute is entitled to a jury trial on each previous conviction the same as in an original prosecution. State v. Zywicki, 175 Minn. 508, 221 N. W. 900. It follows that by reason of the failure of the state to comply with the provisions of § 610.31 the sentence as imposed cannot stand.

---

state, upon conviction of such fourth or subsequent offense, shall be punished as follows:

"(1) If the fourth or subsequent offense is such that the offender upon a first conviction might be punished by a definite sentence of imprisonment for life, he shall be sentenced to imprisonment for life;

"(2) If the fourth or subsequent offense is such that the offender upon a first conviction might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence of which the minimum shall be not less than twice the shortest term prescribed upon a first conviction, and the maximum shall be for life; provided, that nothing herein shall reduce any minimum sentence now or hereafter fixed by any other law of this state."

■ We are satisfied from an examination of the files and record in this case that the trial court had jurisdiction to impose sentence. Where, as here, the conviction is valid, but the sentence imposed is void either in whole or in part, the prisoner cannot secure an unconditional release. The irregularities which occurred followed the rendition of the verdict and do not grow out of the fact that the evidence does not support the verdict. Under the circumstances, this court has the power to send the matter back to the trial court for correction of the sentence. State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984; State v. Mamer, 139 Minn. 265, 166 N. W. 345; Mims v. State, 26 Minn. 494, 5 N. W. 369; State v. Framness, 43 Minn. 490, 45 N. W. 1098; 5 Dunnell, Dig. (3 ed.) § 2501; 24 C. J. S., Criminal Law, § 1950a(2); M. S. A. 632.08.

■ The objections which have been made as to the validity of the sentence are without merit and may be disposed of by brief comment. The defendant calls attention to the fact that the information was presented to the court in May 1943 and the arraignment did not occur until 1956. He contends that by reason of § 628.26 the three-year statute of limitations applies so as to bar prosecution of the offense. As to this objection, it is sufficient only to call attention to the fact that § 628.26 provides: "but the time during which the defendant shall not be an inhabitant of, or usually resident within, this state, shall not constitute any part of the limitation of three years." During the interval between his original arrest on the complaint filed in this action until his return to the state in 1956, defendant was a fugitive from justice and one against whom the statute of limitations does not run.

■ The defendant complains that the State of Minnesota through its local enforcement agencies was aware of his whereabouts during the time of his absence from the state from 1942 until 1956 and during that time did not take the trouble to have him returned to this jurisdiction for prosecution. He asserts that while he was imprisoned in California, an official of the Minnesota Bureau of Criminal Apprehension talked to him and told him that Wilkin County did not want him and would not come and get him. These circumstances he asserts constitute waiver on the part of the state of its right to prosecute him

for the offense with which he is charged. If, in fact, an officer or employee of the State of Minnesota did make such a statement to him it was without authority. The state cannot be estopped by the acts of its officers or employees beyond their authority. State v. Kiewel, 166 Minn. 302, 207 N. W. 646; State v. Bell, 111 Minn. 295, 126 N. W. 901.

■ The claim that the defendant was denied a speedy trial guaranteed by Minn. Const. art. 1, § 6, may be answered by pointing out that the right to a speedy trial in criminal cases is for the protection of the defendant. Defendant here waived that right by escaping and by failing to return to Minnesota and to demand his rights under the constitution. State v. Hansen, 187 Minn. 235, 244 N. W. 809; State v. McTague, 173 Minn. 153, 216 N. W. 787.

The remaining objections raised by the defendant relate to his claim that the evidence was not sufficient to sustain the conviction; that he was denied bail pending an appeal; and that it was impossible for him to get a fair trial in Wilkin County. We have examined the minutes of the proceedings with reference to the trial and are satisfied that the evidence amply supports the conviction. There is nothing in the record to indicate that the court abused its discretion in fixing bail nor does the record contain any indication that the defendant attempted to make any showing to the trial court of facts which might indicate that a fair trial in Wilkin County could not be had. It appears from the record that the proceedings were regular, that no prejudicial error occurred during the trial, and that the verdict of the jury is valid and sustained by the evidence.

For the reasons herein pointed out, the sentence imposed on the verdict is not a lawful one and the matter is therefore remanded to the district court for the imposition of a correct judgment and sentence.