## STATE EX REL. JOE RICHARD BASSETT
## v. RALPH H. TAHASH.*

116 N. W. (2d) 564.

August 17, 1962—No. 38,762.

*Joe Richard Bassett,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying a writ of habeas corpus.

On April 21, 1954, the defendant entered a plea of guilty to a charge of robbery in the first degree, which offense is punishable under Minn. St. 619.42 by imprisonment of not less than 5 nor more than 40 years. On April 22, 1954, the defendant was sentenced "to the State Prison at Stillwater, Minnesota, at hard labor until released by competent authority or due process of law." At the time he was sentenced, the defendant had not quite reached his 22nd birthday. He should have been committed to a state reformatory. Section 243.76, subd. 1, provides that—

"* * * any male person of more than 18 years of age and not more than 25 years of age shall, * * * when the court shall decide that a

*Certiorari denied, 371 U. S. 958, 83 S. Ct. 514, 9 L. ed. (2d) 504.

sentence to a state penal institution is the proper punishment, be sentenced to the state reformatory for men, * * *."

The defendant, who is now 30 years of age, asserts that he is entitled to a discharge because "[t]he sentence is invalid as the sentencing court was without power to render a judgment of confinement in the state prison."

The defendant does not allege his innocence or that the conviction itself violates his constitutional rights. He voluntarily entered a plea of guilty after consulting with his attorney. Essentially the function of the writ of habeas corpus is to relieve one from unlawful restraint. In reviewing a denial of the writ our concern is primarily directed to the question of whether the committing court had jurisdiction of the crime and of the person of the defendant; whether the sentence was authorized by law; and whether the defendant was denied fundamental constitutional rights. Breeding v. Swenson, 240 Minn. 93, 60 N. W. (2d) 4; State ex rel. Naus v. Rigg, 250 Minn. 365, 84 N. W. (2d) 698, certiorari denied, 355 U. S. 884, 78 S. Ct. 153, 2 L. ed. (2d) 114; State ex rel. Welper v. Rigg, 254 Minn. 10, 93 N. W. (2d) 198.

In the case before us the judgment of conviction on his plea of guilty was valid. The irregularity which occurred in the provisions of the sentence did not affect the validity of the judgment of conviction. We assume that in a case of this kind proper practice would be to remand to the trial court for correction of the sentence, as in State v. Pederson, 251 Minn. 372, 88 N. W. (2d) 13. However, the defendant is now 30 years of age and § 243.76 no longer applies to him. In his memorandum the trial court said:

"* * * The relator in this case will attain his 30th birthday within about two months, and any action on our part to remand the prisoner for the purpose indicated would bring but little relief and may well be adjusted under the provisions of M. S. A. Section 243.77 (formerly 640.36) should said section be applicable in this matter."

We agree with the trial court that any relief to which the defendant might be entitled must be secured by administrative procedures and is not available by habeas corpus.

Affirmed.