Joe Richard **BASSETT**, Petitioner,

v.

**Ralph H. TAHASH**, Warden, Minnesota
State Prison, Respondent.

Misc. No. 200.

United States Court of Appeals
Eighth Circuit.

April 12, 1963.

Walter F. Mondale, Atty. Gen., St.
Paul, Minn., for respondent.

Before JOHNSEN, Chief Judge, and
MATTHES, Circuit Judge.

PER CURIAM.

This matter is before us on an application by a Minnesota state prisoner to have a certificate of probable cause issued to him by a judge of this court, under 28 U.S.C.A., § 2253, to enable him to take an appeal from the District Court's denial of his petition for a writ of habeas corpus.

The basis on which petitioner sought federal relief was alleged violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, in that he had been sentenced to imprisonment in the Minnesota State Prison, whereas the statutes of the State required that a prisoner of his age be sentenced to the State Reformatory for Men, and in that the Minnesota courts had thereafter denied his attempt to be released from the State Prison in habeas corpus.

Minn.Stat.Ann. § 243.76, subd. 1, provides: "Any male person * * * of more than 18 years of age and not more than 25 years of age shall * * *, when the court shall decide that a sentence to a state penal institution is the proper punishment, be sentenced to the state reformatory for men, which sentence shall be for an indeterminate term, except that the court may fix the maximum term. * * * "

The sentence imposed upon petitioner was "to the State Prison at Stillwater, Minnesota, at hard labor until released by competent authority or due process of law". The punishment authorized, outside the provisions of § 243.76, for the offense of which petitioner was convicted (robbery in the first degree), was "imprisonment in the state prison for not less than five, nor more than 40, years." M.S.A. § 619.42.

Petitioner was not quite 22 years of age at the time he was sentenced. At the time he sought to effect his release from the State Prison through habeas corpus in the Minnesota state courts, he was 29 years old.

Sentencing a prisoner to the penitentiary instead of to a reformatory, contrary to the provisions of the State's penal code, could constitute a Fourteenth Amendment wrong if this involved differences in conditions, privileges, or con-

sequences of incarceration amounting to matters of substance in criminal punishment. Thus, if differences existed between such institutions under the State's laws in their status to subject inmates to hard labor, or to enable credits and deductions to be earned affecting release, or to have commitment leave no deprivation of civil rights or discharge effect restoration of them, matters of substance would in penal concept be involved, which could make the improper sentencing of a prisoner to the one institution instead of the other, and a refusal to correct the improper commitment, constitute a deprivation or a denial under the Fourteenth Amendment. But under the Minnesota statutes, no such differences are involved between the State Prison and the State Reformatory in the sentencing of convicted felons to incarceration in them.

All convicted felons whether committed to the State Prison or to the State Reformatory "shall be regularly employed at, and compelled to perform a reasonable amount of hard labor in, some industrial work, unless exempted on account of sickness or other disability." M.S.A. § 243.-60. Credits and deductions affecting the right to release are subject to being earned and accumulated on the same basis in both institutions. § 243.18. Commitments to the State Prison or to the State Reformatory are without difference in the loss of civil rights. All prisoners convicted of a felony are deprived of the right to vote and hold office "unless restored to civil rights". M.S.A., Const., art. 7, §§ 2 and 7. And the provisions governing the restoration of civil rights are the same as to the inmates of both institutions. M.S.A. §§ 243.06, 243.07 and 243.18.

On this basis, petitioner's situation lacks the legal substance necessary to make his erroneous sentencing to the State Prison instead of to the State Reformatory a federally cognizable deprivation or denial. But even if it were attempted to be argued that the difference between commitment to a penitentiary and to a reformatory is of itself a matter of substance from the popular concept existing as to such difference and on the public stigma attaching in relation thereto, this argument similarly would be without any basis as to these institutions in Minnesota. Under the Minnesota statutes, there is no room for any difference rationally to exist in popular concept or in public stigma as between sentencings to such institutions.

Prisoners are given no right to have service of their sentences made in the institution to which they are committed. After entering the institution, they are subject to such transfers as the Commissioner of Corrections chooses to make of them from the one institution to the other. Section 243.77 provides that "The commissioner of corrections may transfer from the reformatory to the state prison, and from the state prison to the reformatory, when, in his judgment such transfer will be advantageous to the person transferred, or to the institution from which such transfer is made". And this power of transfer is expressly made applicable to prisoners "of more than 18 years of age and not more than 25 years of age" who under § 243.76 are required to be sentenced to the State Reformatory, in that subd. 3 of the section provides that "Nothing in this section shall affect the right of the commissioner of corrections to transfer prisoners from one penal institution to another after their commitment as herein provided."

Thus it was that the Minnesota Supreme Court said, in substance, as to petitioner's application for a writ of habeas corpus that the error which occurred in sentencing him to the State Prison instead of the State Reformatory was an "irregularity" merely; that, while he ordinarily would be entitled to have the irregularity corrected by a remand to the trial court for that purpose, he was not in his situation entitled to this relief because he "is now 30 years of age and § 243.76 no longer applies to him"; and that his remedy for any relief in this respect to which he might be entitled "must be secured by administrative procedures". State ex rel. Bassett v. Ta-

hash, Warden, Minn., 116 N.W.2d 564, 565, cert. denied Bassett v. Tahash, 371 U.S. 958, 83 S.Ct. 514, 9 L.Ed.2d 504.

Incidentally, it may be observed that there is nothing to indicate that petitioner ever has made request of the Superintendent of Corrections for transfer from the State Prison to the State Reformatory. But whatever might be the action of the Superintendent upon such a request, the power given him under the Minnesota statutes to control the place of a prisoner's confinement leaves no room for petitioner to claim a deprivation or denial under the Fourteenth Amendment in respect to his situation.

The application of petitioner to have a certificate of probable cause issued to him by a judge of this court must accordingly be denied.

Application denied.