**Joe Richard BASSETT, Petitioner,**

v.

**Ralph H. TAHASH, Respondent.**

No. 3–63–205.

United States District Court
D. Minnesota,
Third Division.

Aug. 2, 1963.

DONOVAN, District Judge.

This petition for a writ of habeas corpus is the fourth filed by petitioner alleging illegality of imprisonment and violation of his constitutional rights by the State of Minnesota.[1] Following denial of relief by this Court, petitioner applied to the United States Court of Appeals for the Eighth Circuit "to have a certificate of probable cause issued to him * * * under 28 U.S.

1. State of Minnesota ex rel. Bassett v. Tahash, Warden, Minnesota State Prison, D.C.Minn., Third Division, 209 F. Supp. 174; 3–62–247 Civil and 3–63–10 Civil.

C.A., § 2253, to enable him to take an appeal from the District Court's denial of his petition for a writ of habeas corpus." The Appellate Court on April 12, 1963, denied the application for relief by a per curiam decision filed on April 12, 1963,[2] and referring to petitioner's claim of alleged denial of his constitutional rights, the Court, commenting, said:

"The basis on which petitioner sought federal relief was alleged violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, in that he had been sentenced to imprisonment in the Minnesota State Prison, whereas the statutes of the State required that a prisoner of his age be sentenced to the State Reformatory for Men, and in that the Minnesota courts had thereafter denied his attempt to be released from the State Prison in habeas corpus.

\* \* \* \* \* \*

"Petitioner was not quite 22 years of age at the time he was sentenced. At the time he sought to effect his release from the State Prison through habeas corpus in the Minnesota state courts, he was 29 years old.

\* \* \* \* \* \*

"Thus it was that the Minnesota Supreme Court said, in substance, as to petitioner's application for a writ of habeas corpus that the error which occurred in sentencing him to the State Prison instead of the State Reformatory was an 'irregularity' merely: that, while he ordinarily would be entitled to have the irregularity corrected by a remand to the trial court for that purpose, he was not in his situation entitled to this relief because he 'is now 30 years of age and § 243.76 no longer applies to him'; and that his remedy for any relief in this respect to which he

might be entitled 'must be secured by administrative procedures'. State ex rel. Bassett v. Tahash, Warden, [263] Minn. [447], 116 N.W.2d 564, 565, cert. denied Bassett v. Tahash, 371 U.S. 958, 83 S.Ct. 514, 9 L.Ed.2d 504.

"Incidentally, it may be observed that there is nothing to indicate that petitioner ever has made request of the Superintendent of Corrections for transfer from the State Prison to the State Reformatory. But whatever might be the action of the Superintendent upon such a request, the power given him under the Minnesota statutes to control the place of a prisoner's confinement leaves no room for petitioner to claim a deprivation or denial under the Fourteenth Amendment in respect to his situation."

The multiple petitions filed with the Clerk of this Court on September 5, 1962, October 11, 1962 and January 17, 1963 were given prompt attention as the files in the Clerk of Court will disclose. Each petition was examined to determine if anything was added by petitioner to what was recited in the previous petitions filed with the Clerk and referred to this Court for disposition. The relief sought in petitions that followed the first filed by petitioner was based on grounds alleging violation of petitioner's rights under the Constitution of the United States. Without any thought of criticism of petitioner's insistence to be heard and discharged from the sentence imposed in Minnesota and reviewed by petition for certiorari,[3] it may be helpful to quote from a decision of the District of Columbia Court of Appeals, as follows:

" \* \* \* It is well known that the drafting of petitions for habeas corpus has become a game in many penal institutions. Convicts are not subject to the deterrents of prosecution for perjury and contempt of

---

2. See: Bassett v. Tahash, 8 Cir., 315 F.2d 393.

3. State ex rel. Bassett v. Tahash, 263 Minn. 447, 116 N.W.2d 564, 565, certiorari denied 371 U.S. 958, 83 S.Ct. 514, 9 L. Ed.2d 504.

court which affect ordinary litigants. The opportunity to try his former lawyer has its undoubted attraction to a disappointed prisoner. In many cases there is no written transcript and so he has a clear field for the exercise of his imagination. He may realize that his allegations will not be believed but the relief from monotony offered by a hearing in court is well worth the trouble of writing them down. To allow a prisoner to try the issue of the effectiveness of his counsel under a liberal definition of that phrase is to give every convict the privilege of opening a Pandora's box of accusations which trial courts near large penal institutions would be compelled to hear."[4]

This is not to say petitions for habeas corpus are not meritorious. A hearing is not required where the record will suffice as a basis for the Court's ruling even though this is not a § 2255 proceeding.[5] On the other hand, if the application clearly shows grounds that are meritorious, then a hearing must be granted. If the presence of petitioner is required in arriving at the truth and merits of the cause, then his presence to testify at the hearing should be available to him. But mere convenience cannot justify the use of the writ of habeas corpus as a substitute for an appeal.[6]

The exceptions to the foregoing can be counted on the fingers of one hand, which are: insanity at arraignment and sentencing; lack of adequate assistance of counsel; perjured testimony introduced by the prosecution; and that the plea of guilty by defendant was not voluntarily made.[7]

Except for reference to this Court's disposition of petitioner's previous applications and the denial of a certificate of probable cause by the Court of Appeals, there is no substantial difference in the instant case and the previous applications for the writ of habeas corpus as made and filed by petitioner.

To summarize, the record supports this:

1. There was no coerced confession leading to petitioner's sentence in the State Court.

2. The Court's sound discretion establishes there is no need for an evidentiary hearing in the present case other than that presented by the record.

3. Abortive State Court proceedings are not involved beyond what is here established by the record.

4. Jurisdiction is established.

5. Petitioner is not denied relief because of not exhausting or pursuing state remedies.[8]

6. The way is clear for petitioner to obtain relief by administrative proceedings.[9]

7. There is no claim by the petitioner that he was induced to enter a plea of guilty by fraud, trickery, or collusion,

4. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, 669, 670.
See also: "Pre-trial Suggestions For Section 2255 Cases" by Hon. James M. Carter, 32 F.R.D. 391.
The case at bar is not one within 28 U.S.C.A. § 2255, but Judge Carter's discussion is informative in meritorious habeas corpus cases.

5. Cain v. United States, 8 Cir., 271 F.2d 337.

6. Berkoff v. Humphrey, 8 Cir., 159 F.2d 5; Smith v. Settle, D.C.W.D.Mo., 212 F. Supp. 622.

7. Alexander v. United States, 5 Cir., 290 F.2d 252, certiorari denied 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed.2d 89; Black v. United States, 9 Cir., 269 F.2d 38, certiorari denied 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357; United States v. Sobell, 2 Cir., 244 F.2d 520.

8. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

9. Bassett v. Tahash, supra note 2.

and, hence, no adjudication was made in that respect.[10]

Petitioner's application for a writ of habeas corpus is denied.

It is so ordered.

10. Rodgers v. Bennett, 8 Cir., 320 F.2d 83 is readily distinguishable and is not in point.